The opinion of the court was delivered by
McEnbry, J.
The police jury of St. Bernard passed a health ordinance relating to the slaughtering of cattle in that parish. The penalty for violating the ordinance is a fine of $25, and in default of the payment of the fine imprisonment in the parish jail for not more than thirty days.
The defendants were arrested on a warrant issued on an affidavit charging defendants with the violation of said ordinance, and were convicted and sentenced to pay a fine, and in default of pacing the same to be imprisoned in the parish jail.
The defendants filed several pleas in the course of the trial, and put at issue the legality and constitutionality of said ordinance.
Their defence being overruled, on conviction they appealed to this court under Art. 81 of the Oontstitution. This article grants the right *1447 of appeal to this -court in all cases in which the constitutionality or legality of any tax, toll or import whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof.
This article contemplates that the appeal shall be from a court having jurisdiction of the municipal ordinance imposing the penalty, and in a proceeding in which the constitutionality or legality of the ordinance can be presented.
In this case it is evident that the justice of the peace who issued the warrant on affidavit charging the defendants with a violation of said ordinance, and who tried the case and imposed the penalty, had no jurisdiction of the matter.
It was not a civil proceeding to collect a fine imposed by the police jury of St. Bernard parish, but it was a summary proceeding to enforce a penalty under police regulations. ■
He acted in the capacity of police magistrate, and entertained jurisdiction in a case not conferred on justices of .the peace by the Legislature. Board of Health vs. Nunez, 45 An. 205.
To make the case appear more clear we will suppose that the Oivil District Oourt, Orleans parish, should attempt to enforce a city ordinance for an infraction of a police regulation, and the defendant should plead the illegality and unconstitutionality of the ordinance. He certainly could not appeal from the judgment. His remedy would be to invoke the supervisory jurisdiction of this court by application for writs of certiorari and prohibition.
In the instant case we have no hesitancy in saying that the justice of the peace usurped a jurisdiction, and the remedy to correct his illegal acts should have beeu by timely application for necessary and appropriate writs to this court. The appeal is therefore dismissed.